UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

~~FILED
IN CLERKS OFFICE~~

05 CV 10230 REK

C.A. No.

~~2005 FEB -4  P 2: 25~~

~~U.S. DISTRICT COURT
DISTRICT OF MASS.~~

RACHEL A. NASANOFSKY, Individually,
And as the Administratrix of the
Estate of DAVID H. NASANOFSKY,

             Plaintiff

v.

UNITED STATES OF AMERICA, and
BABINGTON YUNG,

             Defendants

MAGISTRATE JUDGE _Kennedy_

RECEIPT # _61894_
AMOUNT $ _150_
SUMMONS ISSUED _YES_
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _AOH_
DATE _2/4/05_

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is an action brought by Rachel A. Nasanofsky as the
Administratrix of the Estate of her husband David H.
Nasanofsky for damages as a result of the conscious pain
and suffering and wrongful death of David H. Nasanofsky,
which occurred on July 24, 2002.

### JURISDICTION AND VENUE

2.    Pursuant to 28 U.S.C. § 1346(b), the District Court has
exclusive, original jurisdiction over the Federal Tort
Claims Act Claims as asserted in Counts I - IV infra.

3.    An administrative claim was properly presented to the
Department of Health and Human Services, Program Support
Center, Claims Branch on February 6, 2004 and has been left
without action by the agency for a period exceeding six
months.  See Exhibits 1, 2.

4.    Pursuant to 28 U.S.C. § 1367, the District Court has
supplemental jurisdiction over the state law negligence
claims as asserted in Counts IV - V infra.

5.    Venue is proper in the District Court pursuant to 28 U.S.C.
      §1402(b) in that the plaintiff resides in this District and
      the act/omission complained of occurred in this District.

                              **PARTIES**

6.    On June 18, 2003 Rachel A. Nasanofsky, a resident of
      Randolph, Norfolk County, Massachusetts was appointed
      Administratrix of the Estate of David H. Nasanofsky by
      order of the Commonwealth of Massachusetts, Probate and
      Family Court Department of The Trial Court.  See Exhibit 3,
      Norfolk Division, Docket No. 02P2636AD.

7.    Frederick Dolgin, MD, at all times relevant herein acting
      as an agent, servant and/or employee of the defendant
      United States of America, held himself out as a physician
      with expertise in internal medicine, with an office and
      principal place of business at 1193 Sea Street, Quincy,
      Norfolk County, Massachusetts.

8.    The defendant, Babington Yung, MD at all times relevant
      herein, held himself out as a physician with expertise in
      radiology, with an office and principal place of business
      at Quincy Medical Center, 114 Whitwell Street, Quincy,
      Norfolk County, Massachusetts.

                    **COUNT I - WRONGFUL DEATH**
                 **AS TO THE UNITED STATES OF AMERICA**

9.    On or about July 24, 2002, the defendant, United States of
      America, by and through its agent, servant and/or employee,
      Frederick Dolgin, MD undertook for compensation to attend
      to David H. Nasanofsky, to diagnose and treat his illness,
      and to provide advice and consultation to him from offices
      located in Quincy, Norfolk County, Massachusetts.

                                 2

10. In attending to David H. Nasanofsky, in the diagnosis
    rendered and the furnishing of advice, consultation and
    treatment to David H. Nasanofsky, the defendant United
    States of America, by and through its agent, servant and/or
    employee, Frederick Dolgin, MD was negligent in failing to
    provide acceptable medical care and in failing to exercise
    that degree of skill, care and diligence that is exercised
    by the average qualified practitioner engaged in practice
    at a professional level such as that in which the defendant
    was then engaged.

11. As a direct and proximate result of the above described
    negligence, David H. Nasanofsky suffered tremendous
    physical injuries, conscious pain and suffering, and
    thereafter wrongfully died on July 24, 2002.

12. As a direct and proximate result of the negligent, careless
    and unskillful treatment and advice which caused the death
    of David H. Nasanofsky complained of herein and in
    paragraph 11, supra, the next of kin of David H. Nasanofsky
    have suffered loss of the decedent's protection, care,
    assistance, companionship, society, comfort, guidance,
    counsel, advice, affection, services and income, among
    other damages.

## COUNT II - LACK OF INFORMED CONSENT
## AS TO THE UNITED STATES OF AMERICA

13. The plaintiff re-alleges and re-asserts the allegations
    contained in paragraphs 1 through 12 as though fully set
    forth herein.

14. The defendant, United States of America, by and through its
    agent, servant and/or employee, Frederick Dolgin, MD failed
    to disclose in a reasonable manner all significant medical

3

information he possessed or reasonably should have possessed that was material to an intelligent decision by the plaintiff's decedent, David H. Nasanofsky, whether to follow the proposed course for the diagnosis and treatment of his condition or to pursue an alternative course of diagnosis and treatment.

15. Had the alternative courses of diagnosis and treatment and the attendant risks been disclosed to the plaintiff's decedent, David H. Nasanofsky, he would have elected an alternative course, as would a reasonable person in similar circumstances.

16. As a direct and proximate result of the defendant's lack of informed consent, the decedent suffered physical injuries, conscious pain and suffering and thereafter wrongfully died on July 24, 2002.

## COUNT III - CONSCIOUS PAIN AND SUFFERING
## AS TO THE UNITED STATES OF AMERICA

17. The plaintiff re-alleges and reasserts paragraphs 1 through 16, as though fully set forth herein.

18. As a direct and proximate result of the conduct described supra, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

## COUNT IV - WRONGFUL DEATH
## AS TO BABINGTON YUNG, MD

19. The plaintiff re-alleges and reasserts the allegations contained in paragraphs 1 through 18, as though fully set forth herein.

4

20.  On or about July 24, 2002, the defendant, Babington Yung, MD
     undertook for compensation to attend to David H.
     Nasanofsky, to diagnose his illness, and to provide advice
     and consultation regarding his medical condition from his
     offices located in Quincy, Norfolk County, Massachusetts.

21.  In attending to David H. Nasanofsky, in the diagnosis
     rendered and the furnishing of advice, consultation and
     treatment to David H. Nasanofsky, the defendant Babington
     Yung, MD was negligent in failing to provide acceptable
     medical care and in failing to exercise that degree of
     skill, care and diligence that is exercised by the average
     qualified practitioner engaged in practice at a
     professional level such as that in which the defendant was
     then engaged.

22.  As a direct and proximate result of the above described
     negligence, David H. Nasanofsky suffered tremendous
     physical injuries, conscious pain and suffering, and
     thereafter wrongfully died on July 24, 2002.

23.  As a direct and proximate result of the negligent, careless
     and unskillful treatment and advice which caused the death
     of David H. Nasanofsky complained of herein and in
     paragraph 25, supra, the next of kin of David H. Nasanofsky
     have suffered the loss of the decedent's protection, care,
     assistance, companionship, society, comfort, guidance,

counsel, advice, affection, services and income, among other damages.

## COUNT V - CONSCIOUS PAIN AND SUFFFERING
## AS TO BABINGTON YUNG, MD

24.  The plaintiff re-alleges and reasserts paragraphs 1 through 23, as though fully set forth herein.

25.  As a direct and proximate result of the conduct described supra, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

**WHEREFORE,** the plaintiff, Rachel A. Nasanofsky, as the Administratrix of the Estate of David H. Nasanofsky, demands that judgment be entered against the defendants for actual, compensatory and, where available, punitive damages, plus interest and costs, for the physical injuries, the conscious pain and suffering and the wrongful death of the decedent David H. Nasanofsky.

### JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS I - V.

Date: 2/1/05

Respectfully Submitted
**RACHEL A. NASANOFSKY**
By her Attorney:

Clyde D. Bergstresser
Campbell Campbell Edwards &
            Conroy PC
One Constitution Plaza
Boston Massachusetts 02129
(617)241-3000
BBO #039200

# CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

ONE CONSTITUTION PLAZA
BOSTON, MASSACHUSETTS 02129
TEL: (617) 241 3000
FAX: (617) 241 5115



**RICHARD J. ZABBO**
**(617)241-3041**
**rzabbo@campbell-trial-lawyers.com**

February 2, 2004

PSC Claims Office
5600 Fishers Lane
Room 5C-10, Parkland Building
Rockland, MD 20857

Re: Federal Torts Claims Act Claim
        Estate of David H. Nasanofsky

Dear Sir/Madam:

Please be advised that this office represents the Estate of David H. Nasanofsky. Attached hereto please find a FTCA Claim Letter relating to injuries sustained by Mr. Nasanofsky while a patient of Dr. Frederick Dolgin. Dr. Dolgin is an employee of Manet Community Health Center, which has been deemed a Federally Supported Health Care Center for purposes of the Federal Torts Claims Act (Please see attached deeming letter).

Please direct your response and any further correspondence related to this matter directly to my office. If you have any further questions, please do not hesitate to call. Thank you for your prompt attention to this matter.

Very truly yours,

Richard J. Zabbo

RJZ:rjz
Enclosures
02/02/04

CONNECTICUT  •  MAINE  •  NEW HAMPSHIRE

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>PSC Claims Office<br>5600 Fishers Lane<br>Room 5C-10, Parkland Building<br>Rockland, MD  20857 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse) (Number, street, city, State and Zip Code.)<br><br>Rachel Nasanofsky, Administratrix of the Estate of David Nasanofsky<br>70 Pine Avenue, Randolph MA  02368<br>*See attached Appointment of Administration |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>1/26/49 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>7/24/02 | 7. TIME (A.M. OR P.M.)<br>pm |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Please refer to ADDENDUM A, attached hereto.

---

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

N/A

---

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Please refer to the Death certificate if David H. Nasanofsky, attached hereto as ADDENDUM B

---

**11.** WITNESSES

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Please refer to the list of witnesses attached hereto as ADDENDUM C | |

---

**12.** *(See instructions on reverse)* AMOUNT OF CLAIM *(in dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| 0 | $2,000,000.00 | $10,000,000.00 | $12,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>Rachel C. Nasanofsky | 13b. Phone number of signatory<br>(781) 961-2549 | 14. DATE OF CLAIM<br>2/2/04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C. 287.) |
|---|---|

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

08/27/2003 15:23 FAX                                                    004



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE                          Public Health Service

                                                       Health Resources and
                                                       Services Administration
                                                       Bethesda MD 20814

Ms. Ellen Hafer
Executive Director
Manet Community Health Center
110 West Squantum Street
No. Quincy, Massachusetts 02171

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public
Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health
Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an
employee of the Federal Government, effective June 24, 1996, for the purposes of Section 224.
Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for
damage for personal injury, including death, resulting from the performance of medical, surgical,
dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing
board members, employees, and contractors who are physicians or other licensed or certified
health care practitioners working full-time (minimum 32.5 hours per week) or part-time
providing family practice, general internal medicine, general pediatrics, or
obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of
having malpractice coverage under the FTCA. if a covered health care professional meets the
appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules,
and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA
as meeting whatever malpractice insurance coverage requirements such plans may require of
contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy
of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap.
Therefore, any coverage limits that may be mandated by other organizations are met. For
example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would,
as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a
judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Robin Lawrence, D.D.S., Regional FTCA Coordinator,
HRSA Field Office, Boston, Massachusetts at (617) 565-1426.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

# APPOINTMENT OF ADMINISTRATION

**Commonwealth of Massachusetts**
The Trial Court

Norfolk _____ Division    Probate and Family Court Department    Docket No. ___02P2636 A1)___

**Administration With/Without Sureties**

Name of Decedent  David H. Nasanofsky

Domicile at Death  70 Pine Avenue _____ Randolph _____ Norfolk _____ 02368
                        (Street and No.)                    (City or Town)        (County)      (Zip)

Date of Death  July 24, 2002

Name and address of Petitioner(s)  Rachel A. Nasanofsky
70 Pine Avenue, Randolph, MA 02368

_____ Status  surviving spouse

**Heirs at law or next of kin of deceased including surviving spouse:**

| Name | Residence | Relationship |
|------|-----------|--------------|
| | (minors and incompetents must be so designated) | |

Suzanne R. Nasanofsky, 20 Capron St., Apt. 202, Attleboro, MA 02703 (daughter)
Allan N. Nasanofsky, 70 Pine Ave., Randolph, MA 02368  (son)
Amy E. Nasanofsky, 70 Pine Ave., Randolph, MA 02368 (daughter)
Rachel A. Nasanofsky (surviving spouse)

[X] The petitioner(s) hereby certifies_ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 15205 Worcester, Massachusetts 01615-9906.**

Petitioner(s) pray(s) that he/she/they or some other suitable person of _____ in the County of _____ be appointed administratrix _ of said estate with/without surety on his/her/their bond(s) and certifies ___ under the penalties of perjury that the foregoing statements are true to the best of his/her/their knowledge and belief.

Date  6-2-2003 _____  Signature (s) _Rachel A. Nasanofsky_

The undersigned hereby assent to the foregoing petition.

_Suzanne R Nasanofsky_
_Allan N Nasanofsky_
_Amy Nasanofsky_
_Rachel A Nasanofsky_

**DECREE**

All persons interested having been notified in accordance with the law or having assented and no objections being made thereto, it is decreed that  RACHEL A. NASANOFSKY
of  RANDOLPH _____
County of  NORFOLK ___ be appointed administrat RIX ___ of said estate first giving bond in the with PERSONAL ___ sureties for the due performance of said trust.

Date  JUN 18 2003 ___          _Kopelman_ _____        INVENTORY
                                 JUSTICE OF THE PROBATE AND FAMILY COURT    ISSUED
                                                                            6|18 05 NJG

CJ-P1 (4/99)

                                                                            c.g.f.

TE ___ JUN 18 2003 ___

undersigned, HEREBY CERTIFY, that I am the Register of Probate of the Norfolk County Division, of the Trial Department, Commonwealth of Massachusetts; that as such I have custody of the records of said Court; and I do HER CERTIFY that the foregoing is a photographic copy of a decree of appointment of fiduciary; that said has given bond as required by law; and that said appointment remains in full force., and that no appearance en entered against said appointment.

NESS, my hand seal of the Probate and Family Court Department of the Commonwealth of Massachusetts at dham.

_Patrick W. McDermott_
Patrick W. McDermott
Register of Probate

# ADDENDUM A

**ALVIN S. BLAUSTEIN, MD**
**Houston Veterans Administration Medical Center**
**2002 Holcombe Boulevard**
**Houston TX 77030**
**713/791-1414**

Chief, Department of Cardiology

October 9, 2002

Clyde D. Bergstresser, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston MA 02129

      Re:  David Nasanofsky

Dear Mr. Bergstresser:

      I have reviewed the following medical records of David Nasanofsky, a 52 year-old married, father of three who died on July 24, 2002:

- Frederick Dolgin, MD
- Quincy Hospital Medical Center
- Town of Randolph EMS
- Milton Hospital

      Beginning in March 1992, Mr. Nasanofsky regularly sought preventative and episodic medical care from his Dr. Dolgin, his primary care physician.

      On July 24, 2002, Mr. Nasanofsky, an engineer, presented to the office of his primary care physician, Dr. Dolgin with several complaints including fever, cough of two days duration and mid-sternal chest pain for three days that felt "like someone standing on chest" and was accompanied by nausea. The office nurse's note reports that the "crushing" pain had resolved. The patient had an irregular pulse of 88 and blood pressures of 80/50 in the right arm and 88/50 in the left arm.  The range of Mr. Nasanofsky's blood pressure readings over the previous ten years was 130-170 over 85-110.

      Dr. Dolgin recorded that the patient had been awakened at 3:00 AM with cough after having experienced seven days of sweats and chills. Examination revealed rales and wheezes in the lungs but no cyanosis or edema. An electrocardiogram was interpreted by Dr. Dolgin only as normal sinus rhythm. Oxygen saturation on room air was 93%. Dr. Dolgin's assessment was "probable pneumonia." He prescribed inhaled and oral steroids and ordered a CBC, blood cultures and a chest x-ray, but makes no reference to the

2

results of the tests. The chest x-ray was performed at Quincy Medical Center and recorded findings of alveolar infiltrates superimposed on bilateral interstitial prominent lung markings which could represent fibrosis with superimposed right pneumonia. From my review of the x-ray, it also could and did represent the sequelae of congestive heart failure.

At 7:35 that evening, Mr. Nasanofsky was brought by Town of Randolph EMS to the Milton Hospital. The record indicates that the EMS team witnessed the patient collapse and vomit at his home. A cardiac rhythm was present; however, there was no evidence of pulse or blood pressure. PEA (pulseless electrical activity) deteriorated to asystole. Resuscitation efforts, begun at the scene, continued in the ER for ten minutes without success. Mr. Nasanofsky was pronounced dead at 7:45 PM on July 24, 2002.

An autopsy performed the next day revealed an acute myocardial infarction extensively involving the left ventricle wall secondary to occlusive thrombus and intraplaque hemorrhage in the mid left circumflex artery. The posterior papillary muscle, which supports the mitral valve, had ruptured and there was subacute epicarditis over the posterior left ventricle. The area of the infarct and the papillary muscle was necrotic with infiltration of neutrophils, congestion and edema. These findings indicate that the infarct was already well established and *did not occur* at the time of the collapse on the evening of July 24th.

My opinions expressed in this letter are based upon my review of the aforementioned materials and my education, training and experience as an internist with expertise in cardiology. Further, all such opinions are held to reasonable degree of medical probability. I am familiar with the standard of care applicable to internists and primary care physicians in the care of patients such as this one.

It is my opinion that Dr. Frederick Dolgin departed from the standard and accepted practice of the average qualified internist practicing in 2002 when he failed to adequately assess, evaluate and diagnose Mr. Nasanofsky's life-threatening illness during the office visit on July 24, 2002. The patient presented to his primary care physician with classical ischemic chest pain that had begun several days earlier. Classical "angina" has a positive predictive value for coronary disease proven by angiography in over 90% of subjects. Its accuracy does not require other supportive clinical data. Myocardial infarction or ischemia occurs with normal ECG in 15%-20% of patients presenting to a physician. This well known fact requires that physicians not depend on ECG findings to pursue more aggressively a diagnosis of myocardial infarction.

Consistent with the standard of care to be expected of the average qualified internist or primary care physician, Mr. Nasanofsky's history alone (including chest pain that felt "like someone was standing on [his] chest," nausea, irregular pulse and hypotension) should have prompted Dr. Dolgin to assess the probability that the patient was suffering from an acute coronary event in progress, requiring hospitalization for further evaluation and treatment. The fact that the chest x-ray was interpreted as

3

consistent with pneumonia does not alter this opinion; the description and appearance were also compatible with alveolar edema due to acute heart failure.

Moreover, at the time of Mr. Nasanofsky's visit to his physician, his blood pressure was alarmingly low, far below other recorded values. In a symptomatic patient with evidence of a serious precipitating illness, whether infection or myocardial infarction, hypotension is a marker of a grave and dangerous clinical situation mandating emergency hospital admission. In the setting of myocardial injury, it connotes extensive damage and impending shock.

Dr. Dolgin was well aware of his patient's poorly controlled cardiovascular risk factors including hypertension, tobacco use, elevated serum cholesterol and a family history of premature coronary artery disease. He was overweight, with his weight increasing from 182 pounds in 1992 to 223 pounds in March of 2002. Conspicuous in retrospective review is the documentation in the patient's chart that his father, who succumbed to heart disease in 1978, had suffered his first myocardial infarction at age 55.

It was a departure from the standard of care for Dr. Dolgin not to have referred Mr. Nasanofsky immediately to an urgent care setting where a thorough evaluation for myocardial infarction including measurement of serum biomarkers for cardiac injury and further assessment of hypotension and grossly abnormal chest x ray.

Consistent with the standard of care, current management of patients with positive biomarkers emphasizes the importance of early, if not immediate, coronary angiography and, if possible, percutaneous procedures to re-establish blood flow along with potent clot inhibitors and modifiers of ischemia (beta adrenergic blockers and nitrates.) An ECG alone is inadequate and a normal ECG does not satisfactorily exclude myocardial infarction. Pursuant to the standard of care, had this patient been hospitalized by Dr. Dolgin on July 24, 2002, for evaluation and treatment of his cardiac condition, it is likely that his myocardial infarction would have been diagnosed. Complications of acute mitral insufficiency and cardiogenic shock would more likely than not have been avoided or effectively treated and treated and he would have survived his illness.

Dr. Dolgin's failure to admit his patient to the hospital for further evaluation and treatment deprived Mr. Nasanofsky of lifesaving treatment.

Thank you for asking me to review this interesting case. Please call on me if I may be of further assistance.

Sincerely,

Alvin S. Blaustein, MD

ASB:rd

# ADDENDUM B



# TOWN OF MILTON
## Commonwealth of Massachusetts

I, James G. Mullen, Jr., the undersigned hereby certify, that I hold the Office of Town Clerk of the Town of Milton, in the County of Norfolk, and Commonwealth of Massachusetts; that the Records of Births, Marriages and Deaths are in my custody and that the following is a true copy from the records, as certified by me.

The Commonwealth of Massachusetts
STANDARD CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

REGISTERED NUMBER 225

DECEDENT - NAME: David H. Nasanofsky    SEX: M.    DATE OF DEATH: July 24, 2002

PLACE OF DEATH (City/Town): Milton    COUNTY OF DEATH: Norfolk    HOSPITAL OR OTHER INSTITUTION - Name: Milton Hospital

PLACE OF DEATH (Check only one): HOSPITAL ☐Inpatient ☐ER/Outpatient ☐DOA  OTHER ☐Nursing Home ☐Residence ☐Other (Specify)

SOCIAL SECURITY NUMBER: 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    IF US WAR VETERAN: - - - -

WAS DECEDENT OF HISPANIC ORIGIN? ☒NO ☐YES (If yes, Specify Puerto Rican, Dominican, Cuban, etc.)    RACE (e.g. White, Black, American Indian, etc.): White    DECEDENT'S EDUCATION: 5+

AGE - Last Birthday (Yrs.): 52    DATE OF BIRTH: July 26, 1949    BIRTHPLACE (City and State or Foreign Country): Boston, MA

MARRIED, NEVER MARRIED WIDOWED OR DIVORCED: Married    LAST SPOUSE (If wife, give maiden name): Rachel Swartzberg    USUAL OCCUPATION: Project Engineer    KIND OF BUSINESS OR INDUSTRY: Manufacturing

RESIDENCE - NO. & ST., CITY/TOWN, COUNTY, STATE/COUNTRY: 70 Pine Avenue, Randolph, Norfolk, MA    ZIP CODE: 02368

FATHER - FULL NAME: Isadore Nasanofsky    MOTHER - NAME (GIVEN) (MAIDEN): Mildred Schneider    STATE OF BIRTH: MA

INFORMANT'S NAME: Mrs. Rachel Nasanofsky    MAILING ADDRESS - NO. & ST., CITY/TOWN, STATE, ZIP CODE: 70 Pine Ave. Randolph, 02368 MA    RELATIONSHIP: Wife

METHOD OF DISPOSITION: ☒BURIAL ☐ENTOMBMENT ☐CREMATION ☐REMOVAL FROM STATE ☐DONATION ☐OTH. SPEC.    FUNERAL SERVICE LICENSEE OR OTHER AGENT: Debra Briss Wolfe    LICENSE #: 6481

PLACE OF DISPOSITION (Name of Cemetery, Crematory or other): Ziller Cemetery    NAME AND ADDRESS OF FACILITY OR OTHER DESIGNEE: Boston, MA

DATE OF DISPOSITION: July 28, 2002    Levine-Briss Funeral Home 84 Mazzeo Dr. Randolph, MA 02368

29 PART I - Enter the diseases, injuries, or complications that caused the death. Do not use only the mode of dying, such as cardiac or respiratory arrest, shock or heart failure.

IMMEDIATE CAUSE (Final disease or condition resulting in death): POSTERIOR PAPILLARY MUSCLE RUPTURE    Approximate Interval (between Onset and Death): HOURS

DUE TO (OR AS A CONSEQUENCE OF): ACUTE POSTERIOR WALL MYOCARDIAL INFARCT    1-3 DAYS

DUE TO (OR AS A CONSEQUENCE OF): THROMBOTIC OCCLUSION OF LEFT CIRCUMFLEX ARTERY    1-3 DAYS

DUE TO (OR AS A CONSEQUENCE OF): CORONARY ARTERY ATHEROSCLEROSIS    YEARS

PART II - Other significant conditions contributing to death but not resulting in underlying cause given in Part I.
BILATERAL PULMONARY CONGESTION AND EDEMA 2° TO MYOCARDIAL INSUFFICIENCY

WAS AUTOPSY PERFORMED? (Yes or No): YES    WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (Yes or No): YES

MED. EXAM NOTIFIED? (Yes or No): YES    MANNER OF DEATH: ☒NATURAL ☐HOMICIDE ☐COULD NOT BE DETERMINED ☐ACCIDENT ☐SUICIDE ☐PENDING INVESTIGATION    DATE OF INJURY (Mo., Day, Yr.)    TIME OF INJURY    INJURY AT WORK (Yes or No)

DESCRIBE HOW INJURY OCCURRED    PLACE OF INJURY (At home, farm, street, factory, office bldg., etc.) (Specify)    LOCATION (NO. & St., City/Town, State)

To the best of my knowledge, death occurred at the time, date, and place and due to the cause(s) stated. (Signature): Jon L. Keller, MD

DATE SIGNED (Mo., Day, Yr.): JULY 25 2002    HOUR OF DEATH: 7:45 P

NAME OF ATTENDING PHYSICIAN IF NOT CERTIFIER: Joy Pitner, MD

37a On the basis of examination and/or investigation in my opinion death occurred at the time, date, and place and due to the cause(s) stated. (Signature)

DATE SIGNED (Mo., Day, Yr.)    HOUR OF DEATH

PRONOUNCED DEAD (Mo., Day, Yr.)    PRONOUNCED DEAD (Hr.)

NAME AND ADDRESS OF CERTIFYING PHYSICIAN OR MEDICAL EXAMINER (Type or Print): Jon L. Keller, M.D.    MILTON HOSPITAL MILTON, MASS

WAS THERE A PRONOUNCEMENT FORM? (Yes or No): No    IF YES, DATE PRONOUNCED    IF YES, TIME PRONOUNCED    44A NAME OF PRONOUNCER    LICENSE NO. OF CERTIFIER: 53377    TITLE: ☐R.N. ☐P.A.

DATE BURIAL PERMIT ISSUED: 2002    SIGNATURE OF BOARD OF HEALTH AGENT: Deborah M Manning    RECEIVED IN THE CITY/TOWN OF: Milton    CLERK'S SIGNATURE: James G Mullen    DATE OF RECORD: July 30, 2002

Witness my hand and the Seal of the Town of Milton
this 31st day of July 20 02.

James G Mullen

# ADDENDUM C

In addition to any and all individuals identified in the medical records of David H. Nasanofsky, the following individuals have been identified as potential witnesses to the facts forming the basis of this claim:

Rachel A. Nasanofsky
70 Pine Avenue
Randolph, MA 02368

Amy E. Nasanofsky
70 Pine Avenue
Randolph, MA 02368

Allan N. Nasanofsky
70 Pine Avenue
Randolph, MA 02368

Suzanne R. Brough
20 Capron Street, #202
Attleboro, MA 02703

The claimant reserves the right to supplement this list as appropriate.



DEPARTMENT OF HEA..H & HUMAN SERVICES

Program Support Center
Division of Acquisition Management, AOS

Claims Branch
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, Maryland 20857
(301) 443-1025
(301) 443-8514 (Fax)

February 6, 2004

04-0161
Rachel Nasanofsky, Administratrix of
the Estate of David Nasanofsky

Richard J. Zabbo, Esquire
CAMPBELL CAMPBELL EDWARDS & CONROY
One Constitution Plaza
Boston, MA 02129

Dear Mr. Zabbo:

This will acknowledge receipt of your client's claim for the
wrongful death of David Nasanofsky due to the alleged failure
of staff of Manet Community Health Center, Inc., North Quincy, MA
to diagnose and treat a myocardial infarction on July 24, 2002.
Your client's claim was received in the PSC Claims Office on
February 5, 2004 for consideration and reply.

In order to evaluate the claim, please provide the following
substantiating evidence to this office, at the address above, as
soon as possible:

1.  **Two copies of any and all private (non-PHS)** medical records,
    doctors' notes and reports, nursing notes, progress notes,
    Admission and Discharge Summaries, lab results, EKG results,
    x-rays (duplicate of originals), etc., from Quincy Hospital
    Medical Center and Milton Hospital; and all records from the
    Town of Randolph EMS pertaining to the allegations against the
    Manet Community Health Center, North Quincy, MA.

2.  Itemized bills for medical and funeral expenses incurred by
    reason of the incident causing damage or itemized receipts of
    payments for such expenses.

3.  Mr. Nasanofsky's employment or occupation at the time of his
    death, including his monthly or yearly salary or earnings (if
    any), and the duration of his last employment or occupation.

Page 2 - Richard J. Zabbo

4.    Full names, addresses, birth dates, and kinship of the
      decedent's survivors, including identification of those
      survivors who were dependent Mr. Nasanofsky for support at
      the time of his death.

5.    Degree of support afforded by Mr. Nasanofsky to each survivor
      dependent upon him for support at the time of his death.

6.    Any other evidence or information which may have a bearing on
      the Public Health Service for the damages claimed or your
      client wishes to have considered.

Following receipt of the requested substantiating evidence from
your client and the Manet Community Health Center, North Quincy,
MA, the claim will be forwarded for medical review.  Upon
completion of the review process, the claim will be forwarded to
the OGC, Department of Health and Human Services, Washington, DC
for final determination.  We will notify you in writing when the
claim has been forwarded to OGC.

Should you have any questions regarding this request, please call
the PHS Claims Office on (301) 443-1904 and ask to speak to the
Paralegal Specialist assigned to your client's claim.

Thank you for your cooperation in this matter.

                              Yours truly,

                              Dorothea P. Koehler
                              Paralegal Specialist

# Commonwealth of Massachuse~
## The Trial Court
## Probate and Family Court Department

Norfolk _____ Division

Docket No. 02P2636 *AD*

## Administration With/~~Without~~ Sureties

Name of Decedent  David H. Nasanofsky

Domicile at Death  70 Pine Avenue          Randolph          Norfolk          02368
              (Street and No.)           (City or Town)        (County)          (Zip)

Date of Death  July 24, 2002

Name and address of Petitioner(s)  Rachel A. Nasanofsky
70 Pine Avenue, Randolph, MA 02368

Status  surviving spouse

### Heirs at law or next of kin of deceased including surviving spouse:

| Name | Residence | Relationship |
|---|---|---|
| (minors and incompetents must be so designated) | | |

Suzanne R. Nasanofsky, 20 Capron St., Apt. 202, Attleboro, MA 02703 (daughter)
Allan N. Nasanofsky, 70 Pine Ave., Randolph, MA 02368  (son)
Amy E. Nasanofsky, 70 Pine Ave., Randolph, MA 02368 (daughter)
Rachel A. Nasanofsky (surviving spouse)

[X]  The petitioner(s) hereby certifies  that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 15205 Worcester, Massachusetts 01615-9906.**

Petitioner(s) pray(s) that ~~he/she/they or some other suitable person~~
of _____ in the County of _____ be appointed
administratrix  of said estate with/~~without~~ surety on ~~his/her/their~~ bond(s) and certifies  under the penalties of perjury that the foregoing statements are true to the best of ~~his/her/their~~ knowledge and belief.

Date  6-2-2003          Signature (s) *Rachel A. Nasanofsky*

The undersigned hereby assent to the foregoing petition.

*Suzanne R Nasanofsky*                          _____

*Allan N Nasanofsky*                          _____

*Amy C Nasanofsky*                          _____

*Rachel A Nasanofsky*

### DECREE

All persons interested having been notified in accordance with the law or having assented and no objections being made thereto, it is decreed that  RACHEL A. NASANOFSKY
of  RANDOLPH,

County of  NORFOLK _____ be appointed administrat RIX  of said estate first giving bond with  PERSONAL  sureties for the due performance of said trust.

Date  JUN 18 2003          *Kopelman*          INVENTORY ISSUED 612 05 JJG
                  JUSTICE OF THE PROBATE AND FAMILY COURT

CJ-P1 (4/99)

c.g.f.

DATE  JUN 18 2003

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

IN CLERKS OFFICE

## I. (a) PLAINTIFFS
Rachel A. Nasanofsky, Individually & as Administratrix of the Estate of David H. Nasanofsky

## DEFENDANTS
United States of America and Babington Young    2005 FEB -4 P 2: 25

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DISTRICT COURT
DISTRICT OF MASS.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Clyde D. Bergstresser    617 241-3000
Campbell, Campbell, Edwards & Conroy, One Constitution Plaza, Boston, MA 02129

Attorneys (If Known) **Not Known**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1346(b); §1402(b); and §2671-2680 (Fed Tort Claims Act)
Brief description of cause:
Medical malpractice action against employee, agent, servant of Federal support

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $12,000,000.00

CHECK YES only if demanded in complaint: health care facility
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE **2/2/05**    SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only)   Rachel A. Nasanofsky, Individually and as Administratrix
of the Estate of David H. Nasanofsky v. Babinton Yung

2005 FEB -4 P 2: 25

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

   [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

   [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.  150, 152, 153.

05 10230 REK

3. Title and number, if any, of related cases.  (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

_____

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)
                                                 YES [ ]   NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                 YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                               YES [X]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).
                                             YES [ ]   NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
                                              YES [ ]   NO [ ]

     Eastern Division [X]     Central Division [ ]     Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
agencies, residing in Massachusetts reside?

     Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)
                                               YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Clyde D. Bergstresser; Campbell, Campbell, Edwards & Conroy, P.C.

ADDRESS  One Constitution PLaza, Boston, MA   02129

TELEPHONE NO.  (617) 241-300

(Coversheetlocal.wpd - 10/17/02)