UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL A. NASANOFSKY, Individually )<br>and as the Administratrix of the Estate of  )<br>DAVID H. NASANOFSKY                                )<br>    Plaintiff                                                        )<br>                                                                       )<br>VS.                                                                )<br>                                                                       )<br>UNITED STATES OF AMERICA and        )<br>BABINGTON YUNG, M.D.                         )<br>    Defendants                                                 ) | CIVIL ACTION<br>NO: 05-10230 REK |

### MEMORANDUM OF THE DEFENDANT, BABINGTON YUNG, M.D., IN SUPPORT OF HIS MOTION TO TRANSFER THE CLAIMS AGAINST HIM TO THE MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL

### BACKGROUND

In the above-captioned matter the plaintiff, Rachel A. Nasanofsky, Individually and as the Administratrix of the Estate of David H. Nasanofsky alleges that the defendant, Babington Yung, M.D., rendered negligent medical care to the decedent. The said defendant submits that M.G.L. c. 231, § 60B requires that this action be referred, temporarily, to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal.

### ARGUMENT

#### MASSACHUSETTS GENERAL LAWS c. 231, § 60B REQUIRES THAT THIS CASE BE TRANSFERRED TO THE MASSACHUSETTS SUPERIOR COURT FOR THE LIMITED PURPOSE OF CONVENING A MEDICAL MALPRACTICE TRIBUNAL.

Massachusetts General Laws c. 231, § 60B provides that every "action for malpractice, error or mistake against the provider of healthcare shall be heard by a tribunal" consisting of a single Justice of the Superior Court, a physician and an attorney. Pursuant to the terms of this statute, all treatment related claims must therefore be referred to a medical malpractice tribunal. *Little v. Rosenthal*, 376 Mass. 573, 382 N.E.2d 1037 (1978). Where a medical malpractice action has been brought in a Court other than the Massachusetts Superior Court, the Court in which the

-2-

action is brought should transfer the case to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal. M.G.L. c. 231, § 60B; *Feinstein v. Massachusetts General Hospital*, 643 F.2d 880 (C.A. Mass. 1981); *Austin v. Boston University Hospital*, 363 N.E.2d 515, 372 Mass. 654 (1977).

Counts IV and V of the plaintiff's Complaint claim, among other things, that the defendant, Babington Yung, M.D., acted negligently causing conscious pain and suffering and death. These allegations deal specifically with claims of inadequate or negligent treatment of the plaintiff's decedent, David Nasanofsky, by the defendant, Babington Yung, M.D. and constitute an "action for malpractice, error or mistake." Therefore a medical malpractice tribunal hearing must be convened pursuant to Massachusetts General Laws c. 231, § 60B; *Little v. Rosenthal*, 376 Mass. 573, 382 N.E.2d 1037 (1978). Accordingly, this action should be transferred to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal, in accordance with M.G.L. c. 231, § 60B.

## CONCLUSION

For all of the foregoing reasons, the defendant, Babington Yung, M.D. respectfully

-3-

requests that this Honorable Court transfer this case to the Massachusetts Superior Court for the limited purpose of convening a medical malpractice tribunal.

By his attorneys,

FICKSMAN & CONLEY, LLP

_____
JOHN D. CASSIDY
BBO # 078480
98 North Washington Street-Suite 500
Boston, MA 02114
(617) 720-1515

### CERTIFICATE OF SERVICE

I, John D. Cassidy, attorney for said defendant, hereby certify that I have this day served a copy of the foregoing Motion upon the plaintiff by mailing a copy thereof, postage prepaid, directed to: Clyde D. Bergstresser, Campbell, Campbell, Edwards & Conroy, P.C., One Constitution Plaza, Boston, MA 02129.

Signed under the penalties of perjury.

DATED:    April 1, 2005            _____
                                    JOHN D. CASSIDY
                                    BBO # 078480