UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL A. NASANOFSKY, Individually, )<br>And as the Administratrix of the )<br>Estate of DAVID H. NASANOFSKY, )<br>  )<br>        Plaintiff )<br>  )  C.A. No. 1:05-cv-10230-WGY<br>v.  )<br>  )<br>UNITED STATES OF AMERICA, and )<br>BABINGTON YUNG, MD )<br>        Defendants )<br>_____) | |

## MOTION TO AMEND COMPLAINT

The plaintiff Rachel A. Nasanofsky moves pursuant to Fed. R. Civ. P. 15(a) for leave to file the Amended Complaint attached as Exhibit A. Plaintiff has recently learned through discovery that the defendant, Babington Yung, MD was acting in the scope of his employment with Team Physicians, P.C. ("Team Physicians") at the time his negligence caused the plaintiff's decedent's injuries. Justice requires Team Physicians be added as a party to this action.

### BACKGROUND

Plaintiff filed this action alleging medical malpractice on behalf of Frederick Dolgin, MD and Babington Yung, MD. As to Dr. Yung, the plaintiff alleges that he departed from the standard of care when he misinterpreted a chest x-ray as indicating pneumonia rather than congestive heart failure. At the deposition of Dr. Yung, taken on July 25, 2006, he testified, and the plaintiff learned for the first time, that at the time he interpreted Mr. Nasanofsky's chest x-ray he was acting in the scope of his employment with a company named "Team Health." Pursuant to Local Rule 15.1 the plaintiff

forwarded a Motion to Amend Complaint to Team Health. Team Health retained counsel to represent it in this matter, and counsel has since informed plaintiffs that Dr. Yung was not acting in the scope of employment for Team Health at the time he interpreted Mr. Nasanofsky's chest x-ray, but was instead working in the scope of his employment with an affiliated company, Team Physicians. Therefore, on the basis of counsel's representation, the plaintiff alleges that Team Physicians is liable for Dr. Yung's actions under the principle of Respondeat Superior, and hereby moves to amend the Complaint to add Team Physicians. In the interest of timeliness and judicial economy, counsel for Team Physicians does not object to plaintiff filing this Motion without first forwarding it to Team Physicians pursuant to Local Rule 15.1.

## ARGUMENT

Motions to amend the complaint should be freely allowed when justice requires. Fed. R. Civ. P. 15(a). <u>Aversa v. United States</u>, 99 F.3d 1200, 1214 n.13 (1st Cir. 1996). The rules of civil procedure generally are intended to facilitate disposition of cases on their merits rather than on pleading technicalities, and liberal allowance of motions to amend is one element in achieving that goal. The United States Supreme Court has therefore mandated that motions to amend should be allowed unless there is some strong reason for denying them, such as repeated failure to cure the pleading deficiencies through earlier amendments, futility of the proposed amendment, undue delay in bringing the motion, or unfair prejudice to the other side. <u>Foman</u> v. <u>Davis</u>, 371 U.S. 178, 182 (1962).

The circumstances of this case render it especially appropriate for granting leave to file the Amended Complaint. Plaintiff has acted with reasonable dispatch in moving to

amend the Complaint upon learning that Dr. Yung was working for Team Physicians when he read and interpreted plaintiff's decedent's x-ray. Dr. Yung has been represented by counsel throughout this matter, and because Team Physicians's liability arises as a matter of law, under the principle of Respondeat Superior, it will not be unduly prejudiced by being added as a defendant at this time. This case has been set for the Running Trial List as of June 4, 2007.

In light of the liberal Rule 15(a) standard for permitting amendments to the pleadings, Plaintiff's motion should be allowed.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint should be allowed.

By Plaintiff's Attorney

_/s/ _____
Clyde D. Bergstresser (BBO #039200)
Scott Heidorn (BBO #661787)
Russell X. Pollock (BBO #564883)
Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston MA   02129
Tel. No.  (617) 241-3000
sheidorn@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006 a true copy of the above document was served electronically upon all attorneys of record, and was sent via facsimile to Anton P. Giedt, Esq., Assistant United States Attorney, and to Martin Foster, counsel for Team Physicians.

_/s/ _____
Scott M. Heidorn

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 15.1**

I hereby certify that on October 27, 2006 a true copy of a motion similar to the above motion was sent to:

Team Health, Inc.
1900 Winston Rd.
Knoxville, TN 37919

Pursuant to an agreement with counsel for the proposed defendant Team Physicians, Martin Foster, Esq., Team Physicians does not object to plaintiffs filing this Motion without first forwarding the Motion to Team Physicians. See discussion above at pages 1-2.

_____
Scott M. Heidorn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:05-cv-10230-WGY

RACHEL A. NASANOFSKY, Individually, )
And as the Administratrix of the    )
Estate of DAVID H. NASANOFSKY,       )
                                     )
                    Plaintiff        )
                                     )
v.                                   )
                                     )
UNITED STATES OF AMERICA,            )
BABINGTON YUNG, MD, and              )
TEAM PHYSICIANS, P.C.                )
                    Defendants       )
_____)

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is an action brought by Rachel A. Nasanofsky as the Administratrix of the Estate of her husband David H. Nasanofsky for damages as a result of the conscious pain and suffering and wrongful death of David H. Nasanofsky, which occurred on July 24, 2002.

**JURISDICTION AND VENUE**

2. Pursuant to 28 U.S.C. § 1346(b), the District Court has exclusive, original jurisdiction over the Federal Tort Claims Act Claims as asserted in Counts I - IV infra.

3. An administrative claim was properly presented to the Department of Health and Human Services, Program Support Center, Claims Branch on February 6, 2004 and has been left without action by the agency for a period exceeding six months. See Exhibits 1, 2.

4. Pursuant to 28 U.S.C. § 1367, the District Court has supplemental jurisdiction over the state law negligence claims as asserted in Counts IV - V infra.

5. Venue is proper in the District Court pursuant to 28 U.S.C. §1402(b) in that the plaintiff resides in this District and the act/omission complained of occurred in this District.

**PARTIES**

6. On June 18, 2003 Rachel A. Nasanofsky, a resident of Randolph, Norfolk County, Massachusetts was appointed Administratrix of the Estate of David H. Nasanofsky by order of the Commonwealth of Massachusetts, Probate and Family Court Department of The Trial Court. See Exhibit 3, Norfolk Division, Docket No. 02P2636AD.

7. Frederick Dolgin, MD, at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America, held himself out as a physician with expertise in internal medicine, with an office and principal place of business at 1193 Sea Street, Quincy, Norfolk County, Massachusetts.

8. The defendant, Babington Yung, MD at all times relevant herein, held himself out as a physician with expertise in radiology, with an office and principal place of business at Quincy Medical Center, 114 Whitwell Street, Quincy, Norfolk County, Massachusetts.

9. The defendant, Team Physicians, P.C. (``Team Physicians''), is a Tennessee corporation with a principal place of business at 1900 Winston Rd., Knoxville, Tennessee. At all relevant times herein, Babington Yung, MD was acting as an agent and employee of Team Physicians, acting within the scope of that employment and agency, and with Team Physician's authority.

COUNT I - WRONGFUL DEATH
AS TO THE UNITED STATES OF AMERICA

10. The plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 9 as though fully set forth herein.

11. On or about July 24, 2002, the defendant, United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD undertook for compensation to attend to David H. Nasanofsky, to diagnose and treat his illness, and to provide advice and consultation to him from offices located in Quincy, Norfolk County, Massachusetts.

12. In attending to David H. Nasanofsky, in the diagnosis rendered and the furnishing of advice, consultation and treatment to David H. Nasanofsky, the defendant United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD was negligent in failing to provide acceptable medical care and in failing to exercise that degree of skill, care and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

13. As a direct and proximate result of the above described negligence, David H. Nasanofsky suffered tremendous physical injuries, conscious pain and suffering, and thereafter wrongfully died on July 24, 2002.

14. As a direct and proximate result of the negligent, careless and unskillful treatment and advice which caused the death of David H. Nasanofsky complained of herein and in paragraph 11, supra, the next of kin of David H. Nasanofsky have suffered loss of the decedent's protection, care, assistance, companionship, society, comfort, guidance,

3

counsel, advice, affection, services and income, among other damages.

### COUNT II - LACK OF INFORMED CONSENT
### AS TO THE UNITED STATES OF AMERICA

15. The plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. The defendant, United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD failed to disclose in a reasonable manner all significant medical information he possessed or reasonably should have possessed that was material to an intelligent decision by the plaintiff's decedent, David H. Nasanofsky, whether to follow the proposed course for the diagnosis and treatment of his condition or to pursue an alternative course of diagnosis and treatment.

17. Had the alternative courses of diagnosis and treatment and the attendant risks been disclosed to the plaintiff's decedent, David H. Nasanofsky, he would have elected an alternative course, as would a reasonable person in similar circumstances.

18. As a direct and proximate result of the defendant's lack of informed consent, the decedent suffered physical injuries, conscious pain and suffering and thereafter wrongfully died on July 24, 2002.

### COUNT III - CONSCIOUS PAIN AND SUFFERING
### AS TO THE UNITED STATES OF AMERICA

19. The plaintiff re-alleges and reasserts paragraphs 1 through 18, as though fully set forth herein.

20. As a direct and proximate result of the conduct described supra, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

### COUNT IV - WRONGFUL DEATH
### AS TO BABINGTON YUNG, MD

21. The plaintiff re-alleges and reasserts the allegations contained in paragraphs 1 through 20, as though fully set forth herein.

22. On or about July 24, 2002, the defendant, Babington Yung, MD undertook for compensation to attend to David H. Nasanofsky, to diagnose his illness, and to provide advice and consultation regarding his medical condition from his offices located in Quincy, Norfolk County, Massachusetts.

23. In attending to David H. Nasanofsky, in the diagnosis rendered and the furnishing of advice, consultation and treatment to David H. Nasanofsky, the defendant Babington Yung, MD was negligent in failing to provide acceptable medical care and in failing to exercise that degree of skill, care and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

24. As a direct and proximate result of the above described negligence, David H. Nasanofsky suffered tremendous physical injuries, conscious pain and suffering, and thereafter wrongfully died on July 24, 2002.

25. As a direct and proximate result of the negligent, careless and unskillful treatment and advice which caused the death of David H. Nasanofsky complained of herein and in paragraph 25, <u>supra</u>, the next of kin of David H. Nasanofsky have suffered the loss of the decedent's protection, care, assistance, companionship, society, comfort, guidance, counsel, advice, affection, services and income, among other damages.

<u>COUNT V - CONSCIOUS PAIN AND SUFFFERING</u>
<u>AS TO BABINGTON YUNG, MD</u>

26. The plaintiff re-alleges and reasserts paragraphs 1 through 23, as though fully set forth herein.

27. As a direct and proximate result of the conduct described <u>supra</u>, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

<u>COUNT VI -LIABILITY OF TEAM PHYSICIANS, P.C.</u>

28. The plaintiff re-alleges and reasserts paragraphs 1 through 27, as though fully set forth herein.
29. At all relevant times herein, Babington Yung, MD was acting as an agent and employee of Team Physicians,

acting within the scope of that employment and agency, and with Team Physician's authority.

30. Team Physicians is responsible for the conduct of Babington Yung, MD under the doctrine of Respondeat Superior and because Babington Yung, MD was an agent of Team Physicians with authority to bind it.

**WHEREFORE,** the plaintiff, Rachel A. Nasanofsky, as the Administratrix of the Estate of David H. Nasanofsky, demands that judgment be entered against the defendants for actual, compensatory and, where available, punitive damages, plus interest and costs, for the physical injuries, the conscious pain and suffering and the wrongful death of the decedent David H. Nasanofsky.

### JURY DEMAND

Plaintiff Demands a Trial by Jury on all counts.

Date: November 10, 2006

Respectfully Submitted
**RACHEL A. NASANOFSKY**
By her Attorney:

_____
Clyde D. Bergstresser, BBO #039200
Scott M. Heidorn, BBO # 661787
Campbell Campbell Edwards & Conroy PC
One Constitution Plaza
Boston Massachusetts 02129
(617)241-3000

7