UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:05-cv-10230-WGY

RACHEL A. NASANOFSKY, Individually, )
And as the Administratrix of the  )
Estate of DAVID H. NASANOFSKY,     )
                                   )
                    Plaintiff      )
                                   )
v.                                 )
                                   )
UNITED STATES OF AMERICA,          )
BABINGTON YUNG, MD, and            )
TEAM PHYSICIANS, P.C.              )
                    Defendants     )
                                   )

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is an action brought by Rachel A. Nasanofsky as the Administratrix of the Estate of her husband David H. Nasanofsky for damages as a result of the conscious pain and suffering and wrongful death of David H. Nasanofsky, which occurred on July 24, 2002.

**JURISDICTION AND VENUE**

2. Pursuant to 28 U.S.C. § 1346(b), the District Court has exclusive, original jurisdiction over the Federal Tort Claims Act Claims as asserted in Counts I - IV infra.

3. An administrative claim was properly presented to the Department of Health and Human Services, Program Support Center, Claims Branch on February 6, 2004 and has been left without action by the agency for a period exceeding six months. See Exhibits 1, 2.

4. Pursuant to 28 U.S.C. § 1367, the District Court has supplemental jurisdiction over the state law negligence claims as asserted in Counts IV - V infra.

5.  Venue is proper in the District Court pursuant to 28 U.S.C. §1402(b) in that the plaintiff resides in this District and the act/omission complained of occurred in this District.

**PARTIES**

6.  On June 18, 2003 Rachel A. Nasanofsky, a resident of Randolph, Norfolk County, Massachusetts was appointed Administratrix of the Estate of David H. Nasanofsky by order of the Commonwealth of Massachusetts, Probate and Family Court Department of The Trial Court. See Exhibit 3, Norfolk Division, Docket No. 02P2636AD.

7.  Frederick Dolgin, MD, at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America, held himself out as a physician with expertise in internal medicine, with an office and principal place of business at 1193 Sea Street, Quincy, Norfolk County, Massachusetts.

8.  The defendant, Babington Yung, MD at all times relevant herein, held himself out as a physician with expertise in radiology, with an office and principal place of business at Quincy Medical Center, 114 Whitwell Street, Quincy, Norfolk County, Massachusetts.

9.  The defendant, Team Health, Inc. (``Team Health''), is a Tennessee corporation with a principal place of business at 1900 Winston Rd., Knoxville, Tennessee. At all relevant times herein, Babington Yung, MD was acting as an agent and employee of Team Health, acting within the scope of that employment and agency, and with Team Health's authority.

## COUNT I - WRONGFUL DEATH
## AS TO THE UNITED STATES OF AMERICA

10. The plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 9 as though fully set forth herein.

11. On or about July 24, 2002, the defendant, United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD undertook for compensation to attend to David H. Nasanofsky, to diagnose and treat his illness, and to provide advice and consultation to him from offices located in Quincy, Norfolk County, Massachusetts.

12. In attending to David H. Nasanofsky, in the diagnosis rendered and the furnishing of advice, consultation and treatment to David H. Nasanofsky, the defendant United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD was negligent in failing to provide acceptable medical care and in failing to exercise that degree of skill, care and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

13. As a direct and proximate result of the above described negligence, David H. Nasanofsky suffered tremendous physical injuries, conscious pain and suffering, and thereafter wrongfully died on July 24, 2002.

14. As a direct and proximate result of the negligent, careless and unskillful treatment and advice which caused the death of David H. Nasanofsky complained of herein and in paragraph 11, supra, the next of kin of David H. Nasanofsky have suffered loss of the decedent's protection, care, assistance, companionship, society, comfort, guidance,

counsel, advice, affection, services and income, among other damages.

### COUNT II - LACK OF INFORMED CONSENT
### AS TO THE UNITED STATES OF AMERICA

15. The plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. The defendant, United States of America, by and through its agent, servant and/or employee, Frederick Dolgin, MD failed to disclose in a reasonable manner all significant medical information he possessed or reasonably should have possessed that was material to an intelligent decision by the plaintiff's decedent, David H. Nasanofsky, whether to follow the proposed course for the diagnosis and treatment of his condition or to pursue an alternative course of diagnosis and treatment.

17. Had the alternative courses of diagnosis and treatment and the attendant risks been disclosed to the plaintiff's decedent, David H. Nasanofsky, he would have elected an alternative course, as would a reasonable person in similar circumstances.

18. As a direct and proximate result of the defendant's lack of informed consent, the decedent suffered physical injuries, conscious pain and suffering and thereafter wrongfully died on July 24, 2002.

### COUNT III - CONSCIOUS PAIN AND SUFFERING
### AS TO THE UNITED STATES OF AMERICA

19. The plaintiff re-alleges and reasserts paragraphs 1 through 18, as though fully set forth herein.

20. As a direct and proximate result of the conduct described supra, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

COUNT IV - WRONGFUL DEATH<br>AS TO BABINGTON YUNG, MD

21. The plaintiff re-alleges and reasserts the allegations contained in paragraphs 1 through 20, as though fully set forth herein.

22. On or about July 24, 2002, the defendant, Babington Yung, MD undertook for compensation to attend to David H. Nasanofsky, to diagnose his illness, and to provide advice and consultation regarding his medical condition from his offices located in Quincy, Norfolk County, Massachusetts.

23. In attending to David H. Nasanofsky, in the diagnosis rendered and the furnishing of advice, consultation and treatment to David H. Nasanofsky, the defendant Babington Yung, MD was negligent in failing to provide acceptable medical care and in failing to exercise that degree of skill, care and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

24.  As a direct and proximate result of the above described negligence, David H. Nasanofsky suffered tremendous physical injuries, conscious pain and suffering, and thereafter wrongfully died on July 24, 2002.

25.  As a direct and proximate result of the negligent, careless and unskillful treatment and advice which caused the death of David H. Nasanofsky complained of herein and in paragraph 25, supra, the next of kin of David H. Nasanofsky have suffered the loss of the decedent's protection, care, assistance, companionship, society, comfort, guidance, counsel, advice, affection, services and income, among other damages.

### COUNT V - CONSCIOUS PAIN AND SUFFFERING AS TO BABINGTON YUNG, MD

26.  The plaintiff re-alleges and reasserts paragraphs 1 through 23, as though fully set forth herein.

27.  As a direct and proximate result of the conduct described supra, David H. Nasanofsky suffered grievous conscious pain and suffering of the body and the mind, incurred medical expenses, other consequential damages, as well as loss of enjoyment of life, and thereafter died on July 24, 2002.

### COUNT VI - LIABILITY OF TEAM HEALTH, INC.

28.  The plaintiff re-alleges and reasserts paragraphs 1 through 27, as though fully set forth herein.

29.  At all relevant times herein, Babington Yung, MD was acting as an agent and employee of Team Health, acting

acting within the scope of that employment and agency, and with Team Physician's authority.

30. Team Physicians is responsible for the conduct of Babington Yung, MD under the doctrine of Respondeat Superior and because Babington Yung, MD was an agent of Team Physicians with authority to bind it.

**WHEREFORE,** the plaintiff, Rachel A. Nasanofsky, as the Administratrix of the Estate of David H. Nasanofsky, demands that judgment be entered against the defendants for actual, compensatory and, where available, punitive damages, plus interest and costs, for the physical injuries, the conscious pain and suffering and the wrongful death of the decedent David H. Nasanofsky.

### JURY DEMAND

Plaintiff Demands a Trial by Jury on all counts.

Date: 11/30/06

Respectfully Submitted
**RACHEL A. NASANOFSKY**
By her Attorney:

_[signature]_

Clyde D. Bergstresser, BBO #039200
Scott M. Heidorn, BBO # 661787
Campbell Campbell Edwards & Conroy PC
One Constitution Plaza
Boston Massachusetts 02129
(617)241-3000

7