UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:05-cv-10230-WGY

RACHEL A. NASANOFSKY, Individually, )
And as the Administratrix of the )
Estate of DAVID H. NASANOFSKY, )
                         Plaintiff )
   )
v. )
   )
UNITED STATES OF AMERICA, )
BABINGTON YUNG, MD, and )
TEAM PHYSICIANS, P.C. )
                         Defendants )

ANSWER OF DEFENDANT TEAM PHYSICIANS, P.C.
TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEFENDANT'S DEMAND FOR JURY TRIAL

1. The Defendant Team Physicians, P.C., denies the allegations within ¶1 and denies that Plaintiffs have any causes of action against it.

2. The Defendant Team Physicians, P.C., is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶2 and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

3. The allegations within ¶3 apply to a defendant other than the Defendant Team Physicians, P.C., and thus do not call for a response by this Defendant.

4. The Defendant Team Physicians, P.C., denies the allegations of negligence and of cause of action in negligence and is otherwise without knowledge or information at this time sufficient to admit or to deny the remaining allegations and therefore denies said allegations and calls upon Plaintiffs to prove the allegations.

5. The Defendant Team Physicians, P.C., incorporates its answers to ¶¶ 2 – 4 and is thus without knowledge or information at this time sufficient to admit or to deny the remaining allegations and therefore denies said allegations and calls upon Plaintiffs to prove the allegations.

6. The Defendant Team Physicians, P.C., is without knowledge or information at this time sufficient to admit or to deny the allegations, including the allegation as to capacity,

Case 1:05-cv-10230-WGY   Document 20   Filed 12/28/2006   Page 2 of 5

Estate of David H. Nasanofsky v. Team Physicians, P.C. et al.                    2
Answer of Defendant Team Physicians, P.C. to Plaintiffs' First Amended Complaint;
Defendant's Demand for Jury Trial

within ¶6, and therefore denies the allegations and calls upon Plaintiffs to prove the allegations. The Defendant further notes that there was no Exhibit 3 attached.

7. The allegations within ¶7 apply to a defendant other than the Defendant Team Physicians, P.C., and thus do not call for a response by this Defendant.

8. The allegations within ¶8 apply to a defendant other than the Defendant Team Physicians, P.C., and thus do not call for a response by this Defendant.

9. The Defendant Team Physicians, P.C., admits that it is a professional corporation organized under the laws of Tennessee, with one address as stated, and registered in 2002 with the Commonwealth of Massachusetts as a foreign corporation. The Defendant is without knowledge or information at this time sufficient to admit or to deny the remaining allegations and therefore denies said allegations and calls upon Plaintiffs to prove said allegations.

## COUNT I

Count I, ¶¶ 10 through 14, of Plaintiffs' First Amended Complaint applies to a defendant other than the Defendant Team Physicians, P.C., and thus does not call for a response by this Defendant.

## COUNT II

Count II, ¶¶ 15 through 18, of Plaintiffs' First Amended Complaint applies to a defendant other than the Defendant Team Physicians, P.C., and thus does not call for a response by this Defendant.

## COUNT III

Count III, ¶¶ 19 through 20, of Plaintiffs' First Amended Complaint applies to a defendant other than the Defendant Team Physicians, P.C., and thus does not call for a response by this Defendant.

## COUNT IV

Count IV, ¶¶ 21 through 25, applies to the Defendant BabingtonYung, M.D., and thus does not appear to call for a response by this Defendant other than, in light of Count VI, to deny allegations of negligence, of failure to provide, of failure to exercise, of careless and unskillful treatment and advice, of causation and of death insofar as intended to apply to and/or through to the Defendant Team Physicians, P.C..

Case 1:05-cv-10230-WGY   Document 20   Filed 12/28/2006   Page 3 of 5

Estate of David H. Nasanofsky v. Team Physicians, P.C. et al.                              3
Answer of Defendant Team Physicians, P.C. to Plaintiffs' First Amended Complaint;
Defendant's Demand for Jury Trial

## COUNT V

Count V, ¶¶ 26 through 27, applies to the Defendant Babington Yung, M.D., and thus does not appear to call for a response by this Defendant other than, in light of Count VI, to reaver and incorporate by reference herein it above answers to the preceding paragraphs and to deny the allegations within ¶27 insofar as intended to apply to and/or through to the Defendant Team Physicians, P.C.

## COUNT VI

28. The Defendant Team Physicians, P.C., repeats and reavers, and incorporates by reference herein as if fully set forth herein, its above answers to the preceding paragraphs of Plaintiffs' Complaint.

29. The Defendant Team Physicians, P.C., is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶29 and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

30. The Defendant Team Physicians, P.C., incorporates its answers to Counts IV and V and thus denies the allegations within ¶30.

WHEREFORE the Defendant Team Physicians, P.C., denies that Plaintiffs have a cause of action against it, denies that Plaintiffs are entitled to any of the relief sought, and moves for the dismissal of Count VI of Plaintiffs' First Amended Complaint or in the alternative for entry of judgment in favor of the Defendant Team Physicians, P.C.

## FIRST AFFIRMATIVE DEFENSE

First Affirmative Defense

Plaintiffs' First Amended Complaint as against the Defendant Team Physicians, P.C., must be dismissed for failure to state a cause of action upon which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P.

Second Affirmative Defense

Plaintiffs' First Amended Complaint as against the Defendant Team Physicians, P.C., must be dismissed for failure to state a cause of action upon which relief may be granted as the Defendant Team Physicians did not have any agent, servant and/or employee who was negligent. Rule 12(b)(6), Fed. R. Civ. P.

Estate of David H. Nasanofsky v. Team Physicians, P.C. et al.  4
Answer of Defendant Team Physicians, P.C. to Plaintiffs' First Amended Complaint;
Defendant's Demand for Jury Trial

Third Affirmative Defense

The Defendant preserves the defense of lack of jurisdiction under the statutes as cited by Plaintiffs within the First Amended Complaint. Rules 12(b)(1) and 12(b)(2), Fed. R. Civ. P.

Fourth Affirmative Defense

The Defendant preserves the affirmative defense of lack of capacity in that no documentation as to status as fiduciary was received. Rule 9(a), Fed. R. Civ. P.

Fifth Affirmative Defense

The provisions of G.L.c. 231, §§ 60B, 60G and/or 60H are applicable to this action.

Sixth Affirmative Defense

This action was not commenced within the applicable statute of limitations, or within any reasonable time thereafter, or in compliance with applicable case law, as against the Defendant Team Physicians, P.C. and is thus barred. The statute of limitations had expired prior to Team Physicians, P.C., being added and/or notified.

Seventh Affirmative Defense

Plaintiffs and/or Plaintiffs' decedent were each negligent so as to reduce and/or bar recovery, if any, in this action.

Eighth Affirmative Defense

Plaintiffs, and/or Plaintiffs' decedent, having been informed of the risks, benefits, potential consequences, potential complications, options, alternatives, procedures, medication, care, treatment and/or decisions involved and/or available, consented and provided informed consent.

Ninth Affirmative Defense

The injuries and/or damages alleged were caused, if at all, by the conduct of a third party for whose conduct the Defendant Team Physicians, P.C., is not and was not responsible.

Tenth Affirmative Defense

The conduct of the Plaintiffs and/or of the decedent and/or of a third party was an independent intervening cause that resulted in a lack of causal relationship between the alleged negligence of this Defendant, whether directly or through any agent, servant and/or employee; and the injuries and/or damages alleged by Plaintiffs.

Estate of David H. Nasanofsky v. Team Physicians, P.C. et al.                                    5
Answer of Defendant Team Physicians, P.C. to Plaintiffs' First Amended Complaint;
Defendant's Demand for Jury Trial

Eleventh Affirmative Defense

The Defendant Team Physicians, P.C., denies that it had any agent, servant and/or employee who was negligent.

Twelfth Affirmative Defense

The Defendant Team Physicians, P.C., did not and does not have any agent, servant and/or employee for whose conduct it was responsible on or about the date and/or under the circumstances alleged within Plaintiffs' First Amended Complaint.

Thirteenth Affirmative Defense

The Defendant Team Physicians, P.C., reserves the right to raise such additional affirmative defenses as become known and/or available during the course of this action.

## DEMAND FOR JURY TRIAL

The Defendant Team Physicians, P.C., demands trial by jury.

>Respectfully submitted,
>Defendant Team Physicians, P.C.
>By counsel,
>
>S/ Stephen M. Fiore
>Martin C. Foster
>B.B.O. #175860
>Stephen M. Fiore
>B.B.O. # 643308
>Foster & Eldridge, LLP
>One Canal Park, Suite 2100
>Cambridge, MA 02141
>Tel: 617-252-3366

Dated: December 28, 2006