UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

RACHEL A. NASANOFSKY, Individually )
and as the Administratrix of the Estate of )
DAVID H. NASANOFSKY )
    Plaintiff )
)    CIVIL ACTION
VS. )    NO: 05-10230-WGY
)
UNITED STATES OF AMERICA and )
BABINGTON YUNG, M.D. )
    Defendants )

### ANSWER OF THE DEFENDANT, BABINGTON YUNG, M.D., TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes the defendant, Babington Yung, M.D., and repeats and reavers his answers to the plaintiff's Complaint and makes answer to the plaintiff's First Amended Complaint as follows:

### FIRST DEFENSE

1. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the plaintiff's First Amended Complaint.

2. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the plaintiff's First Amended Complaint.

3. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the plaintiff's First Amended Complaint.

4. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the plaintiff's First Amended Complaint.

5. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the plaintiff's First Amended Complaint.

-2-

6. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiff's First Amended Complaint.

7. The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the plaintiff's First Amended Complaint.

8. The said defendant admits that at all times relevant hereto he was a competent, licensed physician practicing radiology at the stated address. The said defendant denies the remaining allegations contained in Paragraph 8 of the plaintiff's First Amended Complaint.

9. The said defendant admits the allegations contained in Paragraph 9 of the plaintiff's First Amended Complaint.

## COUNT I

The allegations contained in Paragraphs 10 through 14 of Count I of the plaintiff's First Amended Complaint do not apply to the said defendant.

## COUNT II

The allegations contained in Paragraphs 15 through 18 of Count II of the plaintiff's First Amended Complaint do not apply to the said defendant.

## COUNT III

The allegations contained in Paragraphs 19 through 20 of Count III of the plaintiff's First Amended Complaint do not apply to the said defendant.

## COUNT IV

21. The said defendant repeats and reavers his answers to Paragraphs 1 through 20 of the plaintiff's First Amended Complaint.

22. The said defendant denies the allegations contained in Paragraph 22 of Count IV of the plaintiff's First Amended Complaint.

23. The said defendant denies the allegations contained in Paragraph 23 of Count IV of the plaintiff's First Amended Complaint.

24. The said defendant denies the allegations contained in Paragraph 24 of Count IV of the plaintiff's First Amended Complaint.

-3-

25.  The said defendant denies the allegations contained in Paragraph 25 of Count IV of the plaintiff's First Amended Complaint.

COUNT V

26.  The said defendant repeats and reavers his answers to Paragraphs 1 through 23 of the plaintiff's First Amended Complaint.

27.  The said defendant denies the allegations contained in Paragraph 27 of Count V of the plaintiff's First Amended Complaint.

COUNT VI

28.  The said defendant repeats and reavers his answers to Paragraphs 1 through 27 of the plaintiff's First Amended Complaint.

29.  The said defendant admits the allegations contained in Paragraph 29 of Count V of the plaintiff's First Amended Complaint.

30.  The said defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Court VI of the plaintiff's First Amended Complaint.

SECOND DEFENSE

And further answering the said defendant says that the First Amended Complaint, and each and every count thereof, fails to state a cause of action.

THIRD DEFENSE

And further answering, the said defendant says that the plaintiff's decedent was not in the exercise of due care, but rather the negligence of the plaintiff's decedent contributed to cause the injury or damage complained of, wherefore the recovery of the plaintiff is barred in whole or in part, or is subject to diminution.

FOURTH DEFENSE

And further answering, the said defendant says that the plaintiff's decedent assumed the risk of injury and damage and cannot recover in this action.

FIFTH DEFENSE

And further answering, the said defendant says that this action has not been brought within the time specified by the General Laws of this Commonwealth.

-4-

## SIXTH DEFENSE

And further answering, the said defendant denies that the plaintiff is the duly appointed Administratrix of the Estate of David H. Nasanofsky and calls upon plaintiff to prove same.

## SEVENTH DEFENSE

And further answering, the said defendant says that the within action is barred by the provisions of the Massachusetts General Laws, Chapter 258.

### DEFENDANT, BABINGTON YUNG, M.D., CLAIMS A TRIAL BY JURY

By his attorneys,

FICKSMAN & CONLEY, LLP

/s/ John D. Cassidy
JOHN D. CASSIDY
BBO # 078480
98 North Washington Street
Suite 500
Boston, MA 02114
(617) 720-1515

## CERTIFICATE OF SERVICE

I, John D. Cassidy, attorney for said defendant, hereby certify that I have this day served a copy of the foregoing Answer upon the plaintiff by mailing a copy thereof, postage prepaid, directed to: Clyde D. Bergstresser, Campbell, Campbell, Edwards & Conroy, P.C., One Constitution Plaza, Boston, MA 02129, James J. McGovern, U.S. Attorney's Office, One Courthouse Way, Boston, MA 02210 and Stephen Fiore, Foster & Eldridge, LLP, One Canal Park, Cambridge, MA, 02141.

Signed under the penalties of perjury.

DATED:        January 3, 2007

/s/ John D. Cassidy
JOHN D. CASSIDY
BBO # 078480